UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

v.

CAUSE NO. 3:19-CV-829 DRL-MGG

DOC, *et al.*,

    Defendants.

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed a complaint alleging that he was denied medical care and retaliated against for filing complaints. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint's merits and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.

Although the complaint is not clear, Mr. Cleveland alleges that, on August 25, 2019 or August 26, 2019, he told Sergeant Kiska that he needed medical care for his asthma. Sergeant Kiska reported that Nurse Jackie would call for him, but she never did. During this same time period, an inmate was throwing urine toward Mr. Cleveland's cell. Urine was dripping down the food slot of Mr. Cleveland's cell. With a devilish grin, Sergeant Kiska delivered Mr. Cleveland's food tray through the slot, and the food was contaminated with urine. Eventually, Mr. Cleveland's medical condition deteriorated due to a lack of prompt medical attention. He told a neighbor that he could not breathe, and then his neighbor noted that he was no longer responding. The neighbor alerted guards to Mr. Cleveland's medical emergency, but Sergeant Kiska walked by and looked at Mr. Cleveland and said, "aw he's ok." Mr.

Cleveland had passed out, but even then Sergeant Kiska would not help. It was only when the next shift arrived that a signal was called and Mr. Cleveland was able to get help. When Mr. Cleveland passed out, he hit his head. After the fall, he reported a headache, neck pain, and other aches.

Mr. Cleveland has filed lawsuits against several members of the medical staff and Sergeant Kiska. He believes that both the delay in medical treatment and the decision to pass his food through a slot dripping with urine were motivated by retaliation because he filed these other lawsuits. "To prevail on his First Amendment retaliation claim, [Mr. Cleveland] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. Cleveland alleges that he engaged in protected activity by filing several complaints against medical staff, and by filing a complaint against Sergeant Kiska. Both the denial of the need for urgent medical care and the serving of food contaminated with urine would likely deter future First Amendment activity. Here, giving Mr. Cleveland the inferences to which he is entitled at this early stage, he has stated retaliation claims against Nurse Jackie and Sergeant Kiska.

As to medical care, prisoners are entitled to medical treatment consistent with the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* The Constitution does not specify how medical care must be delivered, *Westefer v. Neal*, 682 F.3d 679, 681–84 (7th Cir. 2012), and a prisoner "is not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). That said, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752–53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Taking Mr. Cleveland's allegations as true, as the court must at this stage, he has alleged facts from which it can be inferred that Sergeant Kiska was deliberately indifferent to his severe medical needs. As to Nurse Jackie, however, he has alleged only that he alerted the medical department that he needed care and that they did not respond as quickly as necessary. Mr. Cleveland has not alleged facts from which it can be inferred that Nurse Jackie knew the gravity of his situation and still delayed or refused care. Therefore, he cannot proceed against Nurse Jackie on a claim for denial of medical care on August 25, 2019 or August 26, 2019.

Mr. Cleveland has also sued the Indiana State Prison Warden. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for a subordinate's actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Mr. Cleveland has not alleged that the Indiana State Prison was involved in the decision to delay medical treatment or the decision to serve Mr. Cleveland food contaminated with urine on August 25, 2019 or August 26, 2019. Therefore, Mr. Cleveland may not proceed against the Indiana State Prison Warden.

Mr. Cleveland has named the Department of Correction as a defendant. The Indiana Department of Correction is a state agency and immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the State's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a state official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d

558, 563 (7th Cir. 1999). None of these exceptions applies here, so he cannot state a claim against the Indiana Department of Correction.[1]

Additionally, Mr. Cleveland has named the Wexford Medical Team as a defendant. The Wexford Medical Team is not an entity that is subject to suit. However, even if liberally construing this as a claim against Wexford of Indiana, Mr. Cleveland could not proceed here because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights"). Because Mr. Cleveland's complaint against the medical staff appears to be based only on their poor decisions in connection with his care, he could not proceed against Wexford of Indiana.

As a final matter, Mr. Cleveland seeks to be transferred to another facility. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. The facts presented here do not warrant an intrusion upon that discretion.

For these reasons, the court:

(1) GRANTS Keith Cleveland leave to proceed against Nurse Jackie in her individual capacity for monetary damages for allegedly retaliating against Mr. Cleveland for filing complaints against members of the medical staff at Indiana State Prison by delaying medical care on August 25, 2019 or August 26, 2019, in violation of the First Amendment;

---

[1] In other cases where Mr. Cleveland has sued the DOC, the court has liberally construed Mr. Cleveland's complaint as against the Indiana State Prison Warden in his official capacity. *See Cleveland v. D.O.C.*, 3:19-CV-420-JD-MGG (N.D. Ind. filed May 30, 2019). Here, that is not necessary, because he has also sued the Warden.

4

(2) GRANTS Keith Cleveland leave to proceed against Sergeant Kiska in his individual capacity for monetary damages for allegedly retaliating against Mr. Cleveland for filing a complaint against Sergeant Kiska for delaying medical care and serving Mr. Cleveland food contaminated with urine on August 25, 2019 or August 26, 2019, in violation of the First Amendment;

(3) GRANTS Keith Cleveland leave to proceed against Sergeant Kiska in his individual capacity for monetary damages for deliberate indifference to his serious medical need when he allegedly refused to seek medical attention on Mr. Cleveland's behalf when Mr. Cleveland had been asking for care and was then found unresponsive on August 25, 2019 or August 26, 2019, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES D.O.C., the Indiana State Prison Warden, and Wexford Medical Team;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Nurse Jackie and Sergeant Kiska at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS pursuant to 42 U.S.C. § 1997e(g)(2), Nurse Jackie and Sergeant Kiska to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 25, 2019         *s/ Damon R. Leichty*
                           Judge, United States District Court