UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

v.                                         CAUSE NO. 3:19-CV-829-DRL-MGG

NURSE JACKIE *et al.*,

    Defendants.

AMENDED OPINION & ORDER[1]

Keith Cleveland, a prisoner without a lawyer, is proceeding on three claims. He is proceeding on a First Amendment claim against Jacqueline Monaco, RN (sued as Nurse Jackie) for allegedly retaliating against Mr. Cleveland for filing complaints against members of the medical staff at Indiana State Prison because of delayed medical care on August 25, 2019 or August 26, 20019. He is proceeding on a First Amendment claim against Kristopher Kaczka (sued as Sgt. Kiska) for allegedly retaliating against Mr. Cleveland for filing a complaint against the sergeant for delaying medical care and serving Mr. Cleveland food contaminated with urine on August 25, 2019 or August 26, 2019. And, he is proceeding on an Eighth Amendment claim against Sgt. Kaczka for deliberate indifference to his serious medical need by allegedly refusing to seek medical attention for Mr. Cleveland when Mr. Cleveland had been asking for care and was then found unresponsive on August 25, 2019 or August 26, 2019. Defendant Jacqueline Monaco, RN, by counsel, filed a motion for summary judgment, arguing that Mr. Cleveland failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). Defendant Kristopher Kaczka has joined that motion.

Mr. Cleveland was provided with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 30. The notice

---

[1] This order is amended to correct a clerical error on page three of the court's prior order.

informed Mr. Cleveland of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendants, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Mr. Cleveland filed an unsigned response. ECF 49.

A grievance process was available to inmates during Mr. Cleveland's time at the Indiana State Prison. ECF 29-1. This policy sets forth a multi-step grievance process. First, an inmate must attempt to resolve his complaint informally. ECF 35-2 at 8-9. If the inmate is unable to resolve the complaint informally, he may file a formal grievance within ten days of the incident giving rise to the complaint. *Id.* at 9-10. Finally, if an inmate is dissatisfied with the resolution of the formal grievance, he may file an appeal within five days of receiving a response to the formal grievance. *Id.* at 11-12. And, if his appeal is denied, he may seek further review. *Id.* at 12.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Under 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit

has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

In his response, which this court considers in the interests of justice though unsigned, Mr. Cleveland says he "filed multiple Informal Grievances and Grievances and didn't receive nothing back from Nurse Jackie or Sgt. Kaczka and I got copies to prove it." ECF 49. He alleges that he filed these grievances last September, but they won't answer.[2] *Id.* He further indicates that he recently resent the grievances. *Id.* Despite his assertions, Mr. Cleveland did not submit any grievances with his response to substantiate his claims. Summary judgment is decided on admissible evidence, not unsubstantiated allegations.

Nothing in the record suggests that Mr. Cleveland was unable to submit a timely grievance in accordance with the grievance policy. In sum, the undisputed evidence demonstrates that Mr. Cleveland did not exhaust his available administrative remedies with respect to the retaliation claims and deliberate indifference claim at issue in this case. Therefore, the motion for summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 28);

(2) DISMISSES this case without prejudice; and

---

[2] Mr. Cleveland did file a motion and grievance documents with the court involving multiple cases on February 27, 2019. ECF 47. The motion and documents were stricken because Mr. Cleveland filed them in eight of his cases even though many of the documents were clearly not relevant to those cases. ECF 48. Mr. Cleveland was ordered to avoid filing requests pertaining to multiple cases in a single document, instructed to file separate motions in each case where he is seeking relief, and granted leave to refile his motion with only this cause number to the extent that his request it relevant to this case. *Id.* Mr. Cleveland did not refile his motion or any of the exhibits attached thereto. The stricken exhibits included an informal grievance pertaining to this case dated September 11, 2019, and a handwritten formal grievance pertaining to this case dated September 25, 2019. ECF 47 at 5-6, 9-10. Even if Mr. Cleveland had produced these documents in response to the summary judgment motion, they would not have altered the outcome of this case because neither was dated within the time permitted by the IDOC's grievance procedure and Mr. Cleveland has offered no explanation for his failure to submit them in a timely manner.

3

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED.

April 28, 2020                                      *s/ Damon R. Leichty*
                                                    Judge, United States District Court